IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE GRISSOM,

                         Plaintiff,                         OPINION & ORDER

         v.                                                 14-cv-758-jdp

MR. LUDUIGSON and MR. COTTON,

                         Defendants.

Plaintiff Terrance Grissom is a prisoner in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution. He has submitted a proposed civil complaint under 42 U.S.C. § 1983, alleging that while he was incarcerated at the Waupun Correctional Institution, defendant Mr. Luduigson, a clinician for the prison's psychological services department, and Mr. Cotton, a fellow inmate, threatened to kill him and urged him to commit suicide. Plaintiff seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

After considering plaintiff's allegations, I conclude that he properly alleges that he was in imminent danger at the time he filed his complaint. However, before the court may screen the merits of his claims, plaintiff will have to pay an initial partial payment of the filing fee or explain why he cannot do so.

ALLEGATIONS OF FACT

Plaintiff Terrance Grissom is currently an inmate housed at the Columbia Correctional Institution (CCI). However, at all times relevant to the complaint, he was housed at the Waupun Correctional Institution (WCI). Defendant Mr. Luduigson is a clinician for the psychological services department at WCI. Defendant Mr. Cotton was a fellow inmate at WCI.

In late October 2014, both defendants "disturb[ed] the peace" by banging on plaintiff's cell door, threatening to harm or kill plaintiff, and taunting him to commit suicide. Plaintiff suffers from mental illnesses, and these threats caused him to think about committing acts of self-harm.

Plaintiff's allegations are somewhat difficult to understand, but I understand him to be saying that defendants continue to make threats to harm or kill him. Plaintiff also says that Cotton is threatening to kill various people, including the president of the United States and members of plaintiff's family.

ANALYSIS

1.     **Imminent danger**

Plaintiff seeks leave to proceed *in forma pauperis* in this case. However, as stated above, plaintiff has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *Grissom v. Rauschenbach*, 04-cv-1252 (E.D. Wis. Feb. 9, 2005); *Grissom v. Champagne*, 04-cv-1251 (E.D. Wis. Feb. 9, 2005), *Grissom v. Gordon*; 04-cv-1249 (E.D. Wis. Feb. 9, 2005). Therefore, he cannot proceed *in forma pauperis* in this case unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed[1] and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In his complaint, plaintiff alleges that a prison staff member and a fellow inmate were threatening to kill him and encouraging him to commit acts of self-harm. At this point, plaintiff's allegations are sufficient to meet the "imminent danger" standard. Therefore, plaintiff may proceed on his claims without prepayment of the $350 filing fee.[2]

---

[1] This means that plaintiff does not lose the ability to proceed on "imminent danger" claims by virtue of his transfer from WCI *after* he filed the complaint, even though he is not currently facing the harm raised in the complaint.

[2] Plaintiff was also sanctioned by this court "[g]iven [his] prolific filing history and inability to conform his pleadings to meet the imminent danger standard." *Grissom v. Kuluike*, 14-cv-590-jdp, Dkt. 4, at 3 (W.D. Wis. Jan. 12, 2015). Under the terms of the sanction order, until plaintiff pays off the outstanding fees in his civil cases, the court will return to plaintiff any proposed complaints that do not contain allegations showing that plaintiff is in imminent danger of serious physical harm. *Id*. As reflected in this order, I conclude that plaintiff's complaint meets this standard, so the complaint has been opened as a new case rather than returned to plaintiff.

2.      **Initial partial payment**

Although I conclude that plaintiff qualifies to proceed *in forma pauperis* under the imminent danger exception to 28 U.S.C. § 1915(g), plaintiff must still make an initial partial payment of the filing fee before the case can be screened. In addition, plaintiff will have to pay the remainder of the fee in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2).

The initial partial payment is calculated by using the method established in § 1915 by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement. From the account statement plaintiff has submitted, I calculate his initial partial payment to be $0.03. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account, or respond to this order explaining why he cannot make this initial payment. This does not mean that plaintiff is free to ask prison authorities to pay his entire filing fee from his release account. The only amount plaintiff must pay at this time is the $0.03 initial partial payment. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send plaintiff's initial partial payment to this court.

3.      **Request for relief**

Finally, although plaintiff's complaint is somewhat difficult to decipher, I understand him to be including requests for various forms of relief that the court cannot grant. For instance, plaintiff asks for a transfer to a mental health facility. However, plaintiff has already been transferred away from the danger he states he faced at WCI, and to the extent this request shows that he is concerned about his mental health treatment in the Wisconsin

4

prison system, the claims he raises in this case only indirectly relate to the provision of mental health care. Plaintiff has filed a separate lawsuit about his mental health treatment, *Grissom v. Pollard*, 14-cv-808-jdp, so there is no reason to consider his transfer request in the present case.

Plaintiff also seems to be asking for injunctive relief in the form of defendant Cotton being prevented from release from prison to protect those he threatens to harm. Alternatively, plaintiff seems to be asking the court to initiate criminal proceedings against both defendants Luduigson and Cotton. This court cannot order either of these options. Plaintiff is free to contact the United States attorney or local district attorney with his concerns.

Additionally, plaintiff has submitted a letter stating that staff at CCI (where he is currently being incarcerated) is "trying to kill [him] by imposing [a] mail monitor on [him]," that the water at WCI and CCI is poisoned by lead, and that his mail was withheld, read, or tampered with by both WCI and CCI staff. This letter appears to be identical to the letter docketed in *Grissom v. Schwochert*, case no. 14-194. My response is the same as in that case: I cannot take any action on the letter because none of the dangers plaintiff mentions in the letter relate to his claims in this case against defendants Luduigson and Cotton. If plaintiff believes that he faces imminent danger of serious harm at CCI, he should file a brand-new lawsuit about that danger.

ORDER

IT IS ORDERED that:

1.   Plaintiff Terrance Grissom is assessed $0.03 as an initial partial payment of the $350 fee for filing this case. Plaintiff is to submit a check or money order made

payable to the clerk of court in the amount of $0.03 or advise the court in writing why he is not able to submit the assessed amount on or before May 27, 2015.

2.    If plaintiff fails to meet this deadline, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing his case at a later date.

Entered May 8, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge